NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENYS HONCHAROV, AKA Denys Vitalyevich Honcharov, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 15-71554 <br><br> Agency No. A099-235-092 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 16, 2019
San Francisco, California

Before: WALLACE, IKUTA, and CHRISTEN, Circuit Judges.

Denys Honcharov is a Ukrainian national who was admitted to the United

States in 2004 on a five-month visa. In removal proceedings, Honcharov conceded

removability but requested asylum, withholding of removal, and Convention

Against Torture (CAT) protection. The immigration judge (IJ) denied all relief and

the Board of Immigration Appeals (Board) affirmed. Honcharov timely petitioned

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

this court for review. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. **Asylum.** For the reasons explained in our concurrently filed per curiam, the Board did not err by declining to consider the proposed particular social groups that were raised for the first time on appeal.

As to the two proposed social groups that Honcharov properly preserved, the Board did not err by rejecting Honcharov's asylum claim. First, being a Ukrainian businessperson is not an immutable characteristic within the meaning of "particular social group" as used in 8 U.S.C. § 1158(b)(1)(B)(i). *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1084 (9th Cir. 2013) (en banc) (citing *In re Acosta*, 19 I & N Dec. 211, 234 (BIA 1985)). Second, the Board did not err by concluding that the proposed particular social group "witness victim to crime" lacked sufficient particularity because the group is too amorphous to be recognized as a class of distinct persons. *See Reyes v. Lynch*, 842 F.3d 1125, 1139 (9th Cir. 2016). Further, even assuming that "witness victim to crime" could be a particular social group, substantial evidence supports the Board's finding that Honcharov was not persecuted "on account of" his membership in this group because he was targeted for extortionary purposes. *See* 8 U.S.C. § 1158(b)(1)(B)(i). For the same reason, substantial evidence supports the Board's finding that Honcharov was not harmed because he held a political opinion. *See id.*

Because Honcharov did not demonstrate past persecution, he was not entitled to a presumption of future persecution, and he did not otherwise demonstrate a well-founded fear of future persecution. The Board therefore did not err by rejecting Honcharov's asylum claim. Because there was no error in the Board's decision as to Honcharov's proposed social groups, there was no need to remand his case for further fact-finding. The Board therefore did not abuse its discretion by denying Honcharov's motion to remand.

2. **Withholding of removal.** Because Honcharov failed to meet his burden of proof on his asylum claim, he necessarily failed to meet his burden on his withholding of removal claim. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Although the Board did not have the benefit of *Barajas-Romero v. Lynch*, any error in the Board's application of the nexus standard was harmless because the Board did not find that any protected ground was "a reason" for persecution. *See* 846 F.3d 351, 359 (9th Cir. 2017).

3. **CAT.** Assuming, as the Board did, that all of Honcharov and Metz's testimony about the violence they suffered at the hands of criminal gangs in Ukraine is true, the record does not "compel" the conclusion that Honcharov would more likely than not be tortured if he returned to Ukraine. *See Shrestha v. Holder*, 590 F.3d 1034, 1049 (9th Cir. 2010). Substantial evidence therefore supports the Board's determination that Honcharov was not eligible for CAT relief.

3

**PETITION DENIED.**